IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | CASE NO.: 1:13-cr-22 (WLS) |
| SENARD L. IRWIN, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant Senard Irwin's Motion to Revoke or Amend Pretrial Detention Order. (Doc. 25.) In the Motion, Irwin asked the Court to review de novo United States Magistrate Judge Thomas Q. Langstaff's November 5, 2013 detention order pending trial. He also requested an evidentiary hearing to present evidence that he is not a flight risk or a danger to the community. The Court held a hearing on Irwin's motion on May 15, 2014, and afforded him an opportunity to present evidence. He did not do so. After a de novo, independent review of the record, the Court adopts the magistrate judge's order and **ORDERS** Irwin **DETAINED PENDING TRIAL.**

As background, Irwin is charged with one count of possession of a firearm by a convicted felon. At a November 5, 2013 detention hearing, Judge Langstaff ordered Irwin detained pending trial because the Government had established by a preponderance of the evidence that he was a flight risk and by clear and convincing evidence that no condition save detention will assure the community's safety. The magistrate judge based that decision on Irwin's personal characteristics, his criminal history and arrests, his ties to the community, and the testimony of Special Agent Jeff Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

The Bail Reform Act requires a district court, upon motion, to conduct a de novo review of a magistrate judge's pretrial detention order. 18 U.S.C § 3145(b); *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988). The Court may conduct an evidentiary

hearing if it "determines that additional evidence is necessary or that factual issues remain unresolved" after reviewing the defendant's motion; or the court may rely on the pleadings and evidence considered by the magistrate judge to determine whether "the magistrate [judge]'s factual findings are supported and . . . the magistrate [judge]'s legal conclusions are correct." *King*, 849 F.2d at 490. Because Irwin chose not to introduce new evidence, the Court relies on the evidence submitted to the magistrate judge and the record.

The Court now concludes that Judge Langstaff correctly ordered Irwin detained pending trial. More specifically, the Government carried its burden of showing both that Irwin is a flight risk and poses a danger to the community. The factors in Section 3142(g) strongly favor detention. There is strong evidence Irwin carried a gun while acting as a security officer at a night club. Carrying a concealed weapon as a security guard suggests a willingness to brandish it in a dangerous, high-stakes situation. Because of Irwin's alleged criminal history, he faces a fifteen-year mandatory minimum sentence if convicted. Irwin's criminal history also evinces a lack of respect for the rule of law and a propensity for flight and violence. Irwin has been convicted of aggravated battery, aggravated assault, and possession of a controlled substance with intent to sell. His record includes probation violations, probation revocations, a parole violation, a failure to appear, and four charges for giving false names to law enforcement. Given Irwin's violent history and repeated failure to comply with court orders, the Court concludes that the Government has established by a preponderance of the evidence that Irwin is a flight risk and by clear and convincing evidence that no condition or conditions can reasonably assure safety of the community.

Irwin, however, argues he should not be detained because the magistrate judge found, incorrectly, that he was most recently arrested on some unrelated charge or probation violation. This argument is unpersuasive. Setting aside that fact, there remains overwhelming evidence that Irwin should be detained pending trial.

For those reasons—and excluding the reason Irwin objects to—the Government has established by a preponderance of the evidence that Irwin is a flight risk and by

clear and convincing evidence that no condition or conditions can reasonably assure safety of the community. The Court therefore **ADOPTS** the magistrate judge's order and **ORDERS** Irwin to remain detained pending trial.

   **SO ORDERED**, this  23rd  day of May, 2014.

                              /s/ W. Louis Sands
                              **W. LOUIS SANDS, JUDGE**
                              **UNITED STATES DISTRICT COURT**