IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:13-cr-22 (WLS) |
| SENARD L. IRVIN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Defendant Senard Irvin is charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). In anticipation of trial, he seeks to stipulate under *Old Chief v. United States*, 519 U.S. 172 (1997), that he has been previously convicted of a felony offense. Irvin and the United States disagree about the wording of such a stipulation and request a ruling from the Court.

The Parties' disagreement primarily concerns Irvin's eligibility for a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e). Under that statute, a defendant who violates section 922(g) and has three previous convictions for violent felonies or drug offenses is subject to a fifteen-year mandatory minimum sentence. Irvin's indictment alleges he has been convicted of three such offenses—namely, aggravated battery, aggravated assault, and possession of a controlled substance with intent to sell.

The United States offers a stipulation that identifies, for the Court's eyes only, Irvin's three prior convictions and acknowledges they are either serious drug offenses or violent felonies under section 924(e)(2)(A) and (B). The Government's stipulation would have the Court charge the jury as follows:

> The Defendant and government stipulate that Defendant has been convicted of crimes punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that these offenses are of the type described in 18 U.S.C. § 924(e)(2), and that this fact may be presented to the jury to satisfy the convicted felon element of the violations of 18 U.S.C. §

1

>  922(g)(1) or the elements of 18 U.S.C. § 924(e)(2) in lieu of the submission to the jury of Defendant's prior felony conviction(s).

In contrast, Irvin's proposed stipulation omits the specific prior convictions and informs the jury that:

> The defendant and government stipulate that the defendant has been convicted of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that this fact may be presented to the jury to satisfy the convicted felon element of 18 U.S.C. § 922(g)(1), in lieu of the submission to the jury of the defendant's prior felony conviction.

The Court concludes that Irvin is entitled to use his proffered language. Under *Old Chief v. United States*, a court is required to accept, even over the Government's objection, a defendant's proffered admission of his convict status during a Section 922(g)(1) prosecution. 519 U.S. at 190–92. While *Old Chief* did not address the precise situation here, its logic favors Irvin's position. If a court must accept a defendant's unilateral admission over the Government's objection, it follows that the Court and the Government cannot hinge the acceptance of Irvin's admission on his stipulation to some other fact, such as his status under the Armed Career Criminal Act.

Besides, Irvin's proposed stipulation is less prejudicial than the Government's. Because it is Irvin's *status*, rather than the facts of his prior convictions, that is relevant for a felon-in-possession prosecution, *see Old Chief*, 519 U.S. at 190–91, the Government's reference to "conviction(s)," "crimes," and "the elements of 18 U.S.C. § 924(e)(2)" serves little probative value yet carries a high likelihood of unfair prejudice. A juror faced with such an instruction would simply assume that Irvin had multiple felonies on his record. And whether the Government has established that Irvin has three prior convictions under Section 924(e) is for the Court, not the jury, to decide at sentencing. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998).

Accordingly, the Court concludes that it cannot require Irvin to agree to the Government's proposed stipulation and must accept his admission if he so chooses to make one. Given this ruling, the Parties should confer prior to trial and determine whether

they might agree on a stipulation or whether Irvin will make an admission on the record.

    **SO ORDERED**, this   30th   day of May, 2014.

                                          /s/ W. Louis Sands
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**